UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DAVID SWOOPE,

                              Plaintiff,          DECISION & ORDER
                                                              19-CV-0026-MJP

vs.

ANDREW SAUL,
Commissioner of Social Security,

                              Defendant.

## INTRODUCTION

**Pedersen, M.J.** David Swoope ("Plaintiff") brings this action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits ("DIB") under Title II of the Social Security Act. Pursuant to 28 U.S.C. § 636(c) the parties have consented to the disposition of this case by a United States magistrate judge. (ECF No. 15.)

Presently before the Court are cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. (ECF Nos. 10 & 11.) For the reasons set forth below, this matter must be remanded for a rehearing.

## PROCEDURAL BACKGROUND

Plaintiff was born in 1971 and was 43 years old as of the alleged onset date of December 17, 2014. (R.[1] 170.) He has high school education with special education

---

[1] "R" refers to the filed Record of Proceedings from the Social Security Administration, filed on July 19, 2019. (ECF No. 6.)

services. (R. 174.) He has a good work history as a forklift truck operator. (R. 149–69, 175.) His last insured date was December 31, 2019.[2] (R. 14.) He has the following severe impairments of, *inter alia*: (1) cervical and lumbar degenerative disc disease (DDD) status post lumbar spine fusion on December 17, 2014; (2) atherosclerotic heart disease, status post non-ST elevated myocardial infarction (NSTEMI) on May 8, 2015; (3) head trauma with multiple facial fractures and status post open reduction and internal fixation (ORIF) surgery; (4) chondromalacia of the right knee, status post anterior cruciate ligament (ACL) and meniscus repair; (5) labral tear in the right hip; (6) spondylosis and herniated discs in the cervical spine; (9) diabetes mellitus type 1 (DM1) with neuropathy and insulin pump; (10) arthritis, synovitis, and tenosynovitis of the right ankle; and (11) peripheral artery disease. (R. 173, 189–98.)

On May 21, 2015, Plaintiff protectively filed a Title II application for a period of disability and disability insurance benefits, alleging disability beginning December 17, 2014. (R. 14.) The claim was denied initially on September 9, 2015. (*Id.*) Thereafter, Plaintiff filed a written request for hearing on October 20, 2015. The claimant appeared and testified at a hearing held on December 8, 2017, in Buffalo, New York before an Administrative Law Judge ("A.L.J.").

Plaintiff timely filed this civil action in District Court, seeking judicial review of the A.L.J.'s decision. (Compl., ECF No. 1.)

---

[2] Last date insured was referenced in Plaintiff's memo of law as December 31, 2020, (ECF No. 10-1), which obviously is not the case. (*See* R. 14.)

## STANDARD OF REVIEW

Title 42 U.S.C. § 405(g) grants jurisdiction to district courts to hear claims based on the denial of Social Security benefits. Section 405(g) provides that the District Court "shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g) (2007). It directs that when considering a claim, the Court must accept the findings of fact made by the Commissioner, provided that such findings are supported by substantial evidence in the record. Substantial evidence is defined as "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); see also *Metro. Stevedore Co. v. Rambo*, 521 U.S. 121, 149 (1997).

To determine whether substantial evidence supports the Commissioner's findings, the Court must "examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." *Brown v. Apfel*, 174 F.3d 59, 62 (2d Cir. 1999) (quoting *Mongeur v. Heckler*, 722 F.2d 1033, 1038 (2d Cir. 1983) (*per curiam*)). Section 405(g) limits the scope of the Court's review to two inquiries: whether the Commissioner's findings were supported by substantial evidence in the record, and whether the Commissioner's conclusions are based upon an erroneous legal standard. *Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003); *see also Mongeur*, 722 F.2d at 1038 (finding a reviewing court does not try a benefits case *de novo*).

A person is disabled for the purposes of SSI and disability benefits if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A) & 1382c(a)(3)(A). In assessing whether a claimant is disabled, the A.L.J. must employ a five-step sequential analysis. *Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982) (*per curiam*). The five steps are:

> (1) whether the claimant is currently engaged in substantial gainful activity;
>
> (2) if not, whether the claimant has any "severe impairment" that "significantly limits [the claimant's] physical or mental ability to do basic work activities";
>
> (3) if so, whether any of the claimant's severe impairments meets or equals one of the impairments listed in Appendix 1 of Subpart P of Part 404 of the relevant regulations;
>
> (4) if not, whether despite the claimant's severe impairments, the claimant retains the residual functional capacity [("RFC")] to perform his past work; and
>
> (5) if not, whether the claimant retains the [RFC] to perform any other work that exists in significant numbers in the national economy.

20 C.F.R. §§ 404.1520(a)(4)(i)–(v) & 416.920(a)(4)(i)–(v); *Berry v. Schweiker*, 675 F.2d at 467. "The claimant bears the burden of proving his or her case at steps one through four[;] . . . [a]t step five the burden shifts to the Commissioner to 'show there is other gainful work in the national economy [which] the claimant could perform.'" *Butts v. Barnhart*, 388 F.3d 377, 383 (2d Cir. 2004) (quoting *Balsamo v. Chater*, 142 F.3d 75, 80 (2d Cir. 1998)).

## ANALYSIS

The A.L.J. found that Plaintiff has the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 404.1567(b), including lifting and carrying up to twenty pounds occasionally and ten pounds frequently, pushing/pulling as much as he can lift/carry, sitting for up to a total of six hours, standing for up to a total of six hours, and walking for up to a total of six hours, except the claimant can only occasionally balance, stoop, kneel, crouch, crawl, and climb ramps, stairs, ladders, ropes or scaffolds. (R. 18.)

Plaintiff claims that the A.L.J. erred by failing to appropriately weigh the treating opinions resulting in an unsubstantiated RFC. (Pl.'s Mem. of Law at 15, ECF No. 10-1.) Plaintiff states the A.L.J. further erred by failing to weigh Plaintiff's subjective complaints pursuant to the appropriate legal standard, and that the proper application of the legal standards supports a finding of disability at Step 5. (Pl.'s Mem. of Law at 15.) Plaintiff claims that the A.L.J. has failed to adequately discuss the treating opinion evidence.

In deciding a disability claim, an A.L.J. is tasked with "weigh[ing] all of the evidence available to make an RFC finding that [is] consistent with the record as a whole." *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013). An A.L.J.'s conclusion need not "perfectly correspond with any of the opinions of medical sources cited in his decision." *Id.* However, an A.L.J. is not a medical professional, and "is not qualified to assess a claimant's RFC on the basis of bare medical findings." *Ortiz v. Colvin*, 298 F. Supp. 3d 581, 586 (W.D.N.Y. 2018). "[A]s a result[,] an A.L.J.'s determination of

RFC without a medical advisor's assessment is not supported by substantial evidence." *Dennis v. Colvin*, 195 F. Supp. 3d 469, 474 (W.D.N.Y. 2016)

"Because an RFC determination in a social security disability benefits case is a medical determination, an A.L.J. who makes an RFC determination in the absence of supporting expert medical opinion has improperly substituted his own opinion for that of a physician, and thus has committed legal error." *Hilsdorf v. Comm'r of Soc. Sec.*, 724 F. Supp. 2d 330, 347 (E.D.N.Y. 2010) (citations omitted).

The A.L.J. gave partial or little weight to all the medical opinion evidence. (R. 24.) The A.L.J.'s reasoning for limiting the opinion evidence is conclusory, and the A.L.J. does not cite to a single source or give examples to support his conclusion. For example, the A.L.J.'s weighing of Plaintiff's treating physician, Frederick J. Piwko, M.D., only states: "The Administrative Law Judge gives this opinion partial weight because the restrictions suggested are not supported by a narrative explanation with citation to specific medical evidence by Dr. Piwko or by the record. The limitations imposed exceed those indicated by the medical record, including the results of diagnostic testing." (R. 24.) There are no examples or cites to the record to show any contradictions. Further, the A.L.J. states: "In sum, the above residual functional capacity assessment is supported by the objective medical evidence on clinical examination and diagnostic testing, the level of care the claimant has required since his lumbar surgery, to some extent his own statements as to his symptoms and functioning, and, to varying degrees, the opinions of treating and examining sources." Since all opinions were evaluated with conclusory assessments, the A.L.J. has not

shown that he relied on any medical opinion when determining the RFC. This error requires remand.

## CONCLUSION

For the foregoing reasons, the Court grants Plaintiff's motion for judgment on the pleadings (ECF No. 10) and denies the Commissioner's motion for judgment on the pleadings (ECF No. 11). The Court remands the case pursuant to the fourth sentence of 42 U.S.C. § 405(g) for a new hearing. Finally, the Court directs the Clerk of the Court to enter judgment in favor Plaintiff and close this case.

**SO ORDERED**.

DATED:   August 31, 2020
         Rochester, New York

_____
MARK W. PEDERSEN
United States Magistrate Judge